**NIPPON PILLOW BLOCK SALES CO., LTD. and FYH Bearing Units U.S.A., Inc., Plaintiffs,**

v.

**UNITED STATES, Defendant,**

**The Torrington Company; Federal–Mogul Corporation, Defendant–Intervenors.**

**Court No. 91–08–00555.**

United States Court of International Trade.

Nov. 3, 1993.

Michael J. Brown, Washington, DC, for plaintiffs Nippon Pillow Block Sales Co., Ltd. and FYH Bearing Units U.S.A., Inc.

Baker & McKenzie, Kevin M. O'Brien, Richard G. King and Joseph E. Downey, Washington, DC, Emerson Power Transmission Corp., amicus curiae, in support of plaintiffs.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, Velta A. Melnbrencis and Jane E. Meehan, of counsel: Stephen J. Claeys and Dean A. Pinkert, Attorney–Advisors, Office of the Chief Counsel for Import Administration, U.S. Dept. of Commerce, Washington, DC, for defendant.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Geert De Prest, John M. Breen, Patrick J. McDonough, Margaret L.H. Png, William A. Fennell and Amy S. Dwyer, Washington, DC, for defendant-intervenor Torrington Co.

Frederick L. Ikenson, P.C., Frederick L. Ikenson, J. Eric Nissley, Larry Hampel and Joseph A. Perna, V, Washington, DC, for defendant-intervenor Federal–Mogul Corp.

***OPINION***

TSOUCALAS, Judge:

Plaintiffs, Nippon Pillow Block Sales Co., Ltd. and FYH Bearing Units U.S.A., Inc. ("NPB"), challenge the Department of Commerce, International Trade Administration's ("ITA") Final Results of Redetermination Pursuant to Court Remand, *Nippon Pillow Block Sales Co., Ltd. and FYH Bearing Units USA, Inc. v. United States,* 820 F.Supp. 1444 (1993) (*"Remand Results "*). *Plaintiffs' Response to the Final Remand Results of the International Trade Administration* (*"Plaintiffs' Response "*).

In *Nippon Pillow Block Sales Co. v. United States,* 17 CIT ——, ——, 820 F.Supp. 1444, 1456 (1993), this Court remanded this case "to the ITA to further explain why the ITA chose to ignore its past administrative practice of supplying its own allocation methodology in similar situations, or of using the allocation methodology of another respondent whose method of record keeping was similar to NPB's, as partial [best information available] for NPB's model-specific in-house labor and overhead."

A detailed discussion of the background of this case is provided in *Nippon Pillow Block,* 17 CIT at ——, 820 F.Supp. at 1446–49.

ITA has now provided this Court with a further explanation as to why the ITA was unable to supply an alternative allocation methodology for NPB and was, therefore, justified in using total best information available ("BIA") for NPB's dumping margin. Pursuant to its current administrative practice for the use of BIA, the ITA assigned NPB the "all others" rate from the less than fair value investigation as NPB's dumping margin for this administrative review. *See Antifriction Bearings (Other Than Tapered Roller Bearings) and Parts Thereof From the Federal Republic of Germany; Final Results of Antidumping Duty Administrative Review,* 56 Fed.Reg. 31,692, 31,707–08 (1991).

In its Remand Results, the ITA stated that it was unable to use partial BIA for NPB because insufficient evidence existed on the administrative record for the ITA to develop an allocation method which would allow for the use of previously verified information. *Remand Results* at 3–4. The ITA also stated that it was unable to use another respondent's allocation methodology because, based on information on the administrative record, the ITA was unable to determine if other respondents used the same production processes or incurred the same types of costs as NPB. *Id.* at 6–7.

NPB challenges the ITA's Remand Results arguing that this Court had ordered the ITA to develop an allocation methodology for NPB's in-house labor, factory overhead and general administrative and selling expenses and that the ITA has failed to do so. NPB also argues that the ITA has failed to adequately explain why the ITA was unable to use another respondent's allocation methodology. *Plaintiffs' Response* at 1–5, 8–9. NPB proposes a new allocation methodology which it alleges will remedy the problems that the ITA had with the original methodology. *Id.* at 5–7. NPB alleges that this new methodology is similar to allocation methodologies the ITA accepted from other re-

spondents during the course of this administrative review. *Id.* at 7–8.

Defendant argues that this Court did not order the ITA to develop a methodology to allocate NPB's in-house labor, overhead and general selling and administrative expenses. Defendant argues that this Court only ordered the ITA to explain why it was unable to develop an allocation methodology for NPB or use another respondent's allocation methodology. Defendant states that this is exactly what the ITA has done. *Defendant's Opposition to Plaintiffs' Motion for a Second Remand and Response to Comments of Amicus Curiae ("Defendant's Response")* at 5–11.

Defendant also argues that the alternative allocation methodology proposed by NPB in its comments on the Remand Results is unreasonable because a relationship must exist between the two aggregate costs being allocated. The defendant states that in this case:

> Such a relationship, however, does not exist between the cost of materials contained in a model and the cost of labor and factory overhead needed to manufacture the model. Each NPB bearing goes through the same steps of assembly regardless of its size. Therefore, it does not necessarily follow that the cost of labor and overhead for a bearing model changes with the amount (and, accordingly, the cost) of the bearing's materials.

*Id.* at 10.

Federal–Mogul and Torrington agree with the defendant's arguments in support of the Remand Results and ask this Court to affirm the Remand Results. *Federal–Mogul Corporation's Rebuttal Comments Concerning Plaintiffs' Response to the Final Remand Results of the International Trade Administration; The Torrington Company's Response to Plaintiffs' Comments Regarding ITA's Final Remand Results.*

In *Nippon Pillow Block,* 17 CIT at ——, 820 F.Supp. at 1455–56, this Court ordered the ITA to explain why it chose to use total BIA for NPB's dumping margin. This Court did not order the ITA to develop an allocation methodology for NPB's in-house labor,

overhead and general and administrative expenses. If evidence on the administrative record allowed the ITA to develop a reasonable allocation methodology, it was to do so. However, the ITA was not required to use an allocation methodology which was not supported by evidence on the administrative record.

■ This Court finds that the ITA has fully complied with this Court's Order of Remand by explaining why the ITA was forced to use total BIA for NPB. The fact that the ITA could not develop an allocation methodology which would allow the ITA to use certain previously verified information was sufficient reason to resort to total BIA. ITA is required to use verified information. *See* 19 U.S.C. § 1677e(b) (1988). The administrative record in this case lacks sufficient information for the ITA to devise a reasonable allocation methodology. In fact, NPB supports this position by stating that "[i]n the present case, there were no data which had a constant relationship and high correlation with labor and overhead." *Plaintiffs' Response* at 4.

In addition, the ITA could not use another respondent's allocation methodology because there was no evidence on the administrative record that other respondents performed the same production steps and had the same costs as NPB. *Remand Results* at 6–7.

■ In regard to the allocation methodology proposed by NPB in its comments on the Remand Results, this Court finds that the proposed methodology suffers from many of the same defects as the other methodologies proposed by NPB in this proceeding. There is no evidence that there was a "constant relationship and high correlation" between cost of materials and the costs of labor and factory overhead for each bearing model produced which is necessary for a proper allocation of labor and overhead costs. Therefore, NPB's proposed allocation methodology must be rejected.

### Conclusion

For the reasons discussed above, this Court affirms the ITA's Remand Results in this proceeding. The ITA's use of total BIA

for NPB's dumping margin was in accordance with law and supported by substantial evidence on the administrative record. This case is dismissed.

### JUDGMENT

This case having been remanded to the Department of Commerce, International Trade Administration ("ITA"), pursuant to *Nippon Pillow Block Sales Co. v. United States,* 17 CIT ——, 820 F.Supp. 1444 (1993), and the remand results having been filed with this Court on June 4, 1993; it is hereby

**ORDERED** that the remand results filed with this Court on June 4, 1993 are hereby affirmed; and it is further

**ORDERED** that this case is dismissed.